IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRY FAISON WILLIAMS, et al, :
:
    Plaintiffs, : CIVIL NO. 3:CV-09-1715
:
v. :
:
: (Judge Vanaskie)
USP-LEWISBURG, et al., :
:
:
    Defendants. :

## MEMORANDUM

Background

    Terry Faison Williams, proceeding pro se, initiated this civil rights complaint regarding the death of her brother, Louis T. Faison, who passed away on April 2, 2008 while confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1] Along with her Complaint, Williams, a resident of Norfolk, Virginia, has submitted an application requesting leave to proceed in forma pauperis. Williams' application for leave to proceed in forma pauperis will be granted for the sole purpose of the filing of this action.

---

[1] Listed as Additional Plaintiffs are Veta Bell Faison, and Louis T. Faison, Sr. who presumably are also members of the decedent's family. (Dkt. Entry # 1 at 1-a.) The Complaint is not signed by the Additional Plaintiffs and they have not submitted an in forma pauperis application or paid the required filing fee or any portion thereof. Accordingly, Terry Faison Williams will be deemed the sole Plaintiff.

Named as Defendants are USP-Lewisburg, its Warden, Medical Staff, and Guards, as well as the Union County Coroner's Office. (Dkt. Entry # 1, ¶ 2.) The Complaint, which is accompanied by sixty-eight (68) pages of exhibits, claims that constitutional misconduct led to her brother's "wrongful death." (Id. at ¶ 1.) Williams generally asserts as follows:

> Prisoner's right to medical care and treatment should be enforced and when that does not happen and death results do [sic] to the neglect on the part of medical professionals and federal authorities criminal charges should be filed. No one is above the law.

(Id. at ¶ 4.)

The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, the Complaint will be dismissed without prejudice.

Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).[2] Indisputably meritless legal theories are those "in which either

---

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any

(continued...)

it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Relief

The sole relief specifically sought by the Complaint is Plaintiff's request that criminal charges be initiated against various USP-Lewisburg and Union County Coroner's Office employees. It is well settled that "[t]here is no federal right to require the government to initiate criminal proceedings." Gimbi v. Fairbank Capital Corp., 207 Fed. Appx. 143, 144 (3d Cir. 2006); Kloss v. Pearce, 2009 WL 2231221* 3 (D.N.J. July 22, 2009)( a private citizen cannot compel the state or federal government to initiate a investigation or prosecution because it is a function of governmental discretion). Accordingly, Plaintiff's sole request for relief is not properly raised in a federal civil rights action.

Standing

A plaintiff must have standing in order to bring a claim in federal court. Standing is established when a plaintiff shows that he has "suffered an injury in fact – an invasion of a

---

[2](...continued)
hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Marin v. Leslie, 2009 WL 1949136 * 1 (3d Cir. July 8, 2009). A plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 816 (2008) (citing Allen v. Wright, 468 U.S. 737, 751 (1984). It is appropriate for this Court to sua sponte resolve the question of standing because it is jurisdictional in nature. Addiction Specialists, Inc. v. Twp. Of Hampton, 411 F.3d 399, 405 (3d Cir. 2005).

There is no indication that Plaintiff suffered any direct injury to a legally protected right or is in immediate danger of sustaining any such injury. It has also been held that the right to bring a civil rights action in federal court "does not accrue, under most circumstances, to a relative." Watlington v. Mattleman, 1989 WL 52543 * 2 (E.D. Pa. May 17, 1989). There are also no assertions that Plaintiff was deprived of any constitutional protection as a result of any purported deprivation of the constitutional rights of her brother. Plaintiff does not contend that the alleged constitutional violations sustained by her brother had a chilling effect on her constitutional rights as considered in Nitke v. Gonzalez, 413 F. Supp.2d 262 , 266-67 (S.D.N.Y. 2005).

However, the administrator or administratrix of a decedent's estate does have standing to pursue a civil rights claim on behalf of the estate. See generally, Estate of Smith v. City of

4

Wilmington, 317 Fed. Appx. 237 (3d Cir. 2009); Kranson v. Valley Crest Nursing Home, 755 F.2d 46 (3d Cir. 1985). In the present case, there are no facts set forth in the Complaint which would support a finding that Plaintiff is the Administratrix of her brother's Estate.[3] Absent an allegation that she has been appointed as the Administratrix of her brother's Estate, Plaintiff has failed to establish that she has standing to bring a civil rights claim in federal court.

Non-attorney

Even if Plaintiff is the duly-appointed representative of her brother's estate, she cannot proceed with this litigation without a lawyer. A party, of course, may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, non-attorneys cannot litigate the rights of others. Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991). In her in forma pauperis application, Terry Faison Williams describes herself as being an employee of a nursing home in Norfolk, Virginia. (Dkt. Entry # 2, ¶ 1.) There is no indication anywhere in the record that she is an attorney. Accordingly, the pro se Plaintiff is precluded from seeking relief for any constitutional deprivations which caused

---

[3] Exhibits attached to the Complaint acknowledge the existence of two individuals, the decedent's wife and father, who may be serving in that capacity. If Terry Faison Williams can establish that she is the Administratrix of her late brother's estate, she may seek reconsideration of this ruling be filing an appropriate motion within fourteen (14) days of the date of this Memorandum and Order.

5

injury to her brother, Inmate Faison, or his estate. Instead, representation by an attorney is required. As explained in McCants v. Village of Broadview, No. 93 C 3657, 1994 WL 117478, at *1-2 (N.D. Ill. March 28, 1994):

> Like a corporation, an estate can only act through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law. I cannot do so.

Accord Beyer v. North Carolina Div. of Mental Health, No. 1;01CV50, 2001 WL 1319506, at *2-3 (W.D. N.C. Oct. 16, 2001).

Pendent Jurisdiction

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also Aldinger v. Howard, 427 U.S. 1, 9 (1976). A district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). Decisions regarding pendent jurisdiction should be premised on considerations of judicial economy, convenience and fairness to the litigants. New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, when the federal claim is dismissed prior to trial, a district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since Plaintiff's federal claims will not be permitted to proceed, jurisdiction will be declined with respect to any pendent state law claims that she wishes to pursue. An appropriate Order will enter.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRY FAISON WILLIAMS, et al., :
    Plaintiffs : CIVIL NO. 3:CV-09-1715
:
v. :
: (Judge Vanaskie)
USP-LEWISBURG, et al., :
    Defendants :

ORDER

NOW, THIS 11th DAY OF DECEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Terry Faison Williams is deemed the sole Plaintiff in this matter.

2. The Complaint is DISMISSED, WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

3. The Clerk of Court is directed to CLOSE the case.

                              s/ Thomas I. Vanaskie
                              Thomas I. Vanaskie
                              United States District Judge